**Baljit KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71802.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

---

Randhir S. Kang, Esq., Law Office of Randhir S. Kang, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of

Fed. R.App. P. 34(a)(2).

Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM **

Baljit Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming without opinion an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the Board in this case summarily affirmed the IJ's order without discussion, we review the IJ's opinion as the final agency determination. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence an adverse credibility finding, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *See Malhi v. INS,* 336 F.3d 989, 992–93 (9th Cir.2003). We deny the petition for review.

■ Substantial evidence supports the IJ's adverse credibility determination in this case. *See Chebchoub v. INS,* 257 F.3d 1038, 1042–43 (9th Cir.2001). The IJ offered specific, cogent reasons for the adverse credibility determination based on inconsistencies in the record regarding Kaur's knowledge of and involvement in the February 19, 1992, Indian general election. Kaur stated on her asylum application that she supported the boycott of the election, whereas she later testified that she encouraged All India Sikh Student Federation ("AISSF") and Akali Dal supporters to vote in the election. Because Kaur seeks asylum based on her involvement with the AISSF, this discrepancy goes to the heart of her claims of past persecution and fear of future persecution. *See id.* We conclude that the IJ's adverse credibility determination is supported by substantial evidence. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Kaur failed to establish eligibility for asylum, it follows that she did not satisfy the more stringent standard for withholding of removal. *See id.*

■ As Kaur relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to India, Kaur's CAT claim also must fail. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

